IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE E. MIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-363-WDS |
| ) | |
| DR. SANTOS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

This action arises out of Plaintiff's dissatisfaction with his medical care at Centralia. He complains of knee pain, stomach problems exacerbated by pain medication, as well as liver problems arising from other medication. On March 27, 2006, he filed a grievance regarding his dissatisfaction with his medical care; his counselor responded to that grievance on April 7. Upon receipt of that response, Plaintiff prepared this lawsuit, which was filed on May 8, 2006.

Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his confinement must exhaust his administrative remedies prior to filing suit. Failure to so exhaust is grounds for summary dismissal of the complaint. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000).

> [U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem – or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner.

*Pozo v. McCaughtry,* 286 F.3d 1022, 1023-24 (7th Cir. 2002). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. Furthermore, "[a] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983." *Id.* at 1023-1024.

The Illinois Administrative Code sets forth the grievance procedures to be followed by

committed persons. *See* 20 Ill. Adm.Code § 504.800 *et seq*. An inmate first must take his complaint to a correctional counselor for informal resolution.[1] If this does not resolve the problem, he is to file a written grievance on an institutional form within sixty days of the incident or occurrence complained of, and that grievance should be addressed to the Grievance Officer. Each institution has one or more designated Grievance Officers who review such grievances. The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer, *i.e.*, the warden, within fifteen days, "whenever possible," and the warden is to advise the inmate of his or her decision within two months after receipt of the grievance.

The inmate may appeal the warden's disposition of the grievance in writing to the Director of the Department of Corrections within 30 days of the warden's decision. The Director reviews the grievance and the responses of the Grievance Officer and warden, and determines whether the grievance requires a hearing before the Administrative Review Board ("ARB"). If it is determined that the grievance is without merit or can be resolved without a hearing, the inmate is to be advised of this disposition in writing. Otherwise, the grievance is referred to the ARB, which may hold hearings and examine witnesses. The ARB submits a written report of its findings and recommendations to the Director, and the Director then makes a final determination within six months after receipt of the appealed grievance, "where reasonably feasible." 20 Ill.Adm.Code §§ 504.810-850 (2001).

As clearly admitted in the complaint, Plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. Therefore, the Court has no choice but to dismiss this action under 42

---

[1] If deemed an emergency presenting "a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," an inmate may send his grievance directly to the warden. 20 Ill. Adm.Code § 504.840.

U.S.C. § 1997e(a).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to filing a new action after he has completely exhausted his administrative remedies.

**IT IS SO ORDERED.**

**DATED: November 1, 2006.**

**s/ WILLIAM D. STIEHL
DISTRICT JUDGE**